**H.J. HEINZ COMPANY, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 18, 1996.

Decided June 28, 1996.

Before McGINLEY and FRIEDMAN, JJ., and KELTON, Senior Judge.

McGINLEY, Judge.

H.J. Heinz Company (Heinz) petitions for de novo review of the order of the Board of Finance and Revenue which sustained the action of the Board of Appeals of the Department of Revenue (Department) and approved, in part, the Department's resettlement of Heinz's Pennsylvania corporate net income tax liability for the fiscal year ending April 27, 1988.

Pursuant to Pa. R.A.P. 1571(f) [1] Heinz and the Department stipulated to the following facts:

1. H.J. Heinz Company ... is a Pennsylvania corporation....

2. Petitioner is engaged in the manufacture and sale of various prepared food products both within and without Pennsylvania. Petitioner also engages in holding company activities.

3. The tax year involved is the 52/53 week fiscal year ended April 27, 1988, for which period the Petitioner reported Corporate Net Income Tax in the amount of $59,-701....

4. Corporate Net Income tax in the amount of $77,681 was settled against Petitioner by the Department of Revenue on May 22, 1990 and was approved by the Department of the Auditor General on June 15, 1990....

5. Within the time provided by law, the Petitioner filed a Petition for Resettlement with the Department of Revenue and the Department of the Auditor General (the "Board of Appeals")....

6. Said Petition for Resettlement was granted in part and refused in part by the Department of Revenue and the Department of the Auditor General. On April 10, 1991, the Department of Revenue made a Resettlement of the Corporate Net Income tax for said period in the amount of $72,-293, which Resettlement was approved by

Sherill T. Moyer, for Petitioner.

Bart J. Deluca, Jr., Senior Deputy Attorney General, for Respondent.

1. Pa. R.A.P. 1571(f) provides that "[n]o record shall be certified to the court by the Board of Finance and Revenue" and that "[a]fter the filing of the petition for review the parties shall take appropriate steps to prepare and file a stipulation of such facts as may be agreed to and to identify the issues of fact, if any, which remain to be tried."

the Department of the Auditor General on April 22, 1991.

. . . .

10. In preparing its U.S. Corporation Income Tax Return, federal Form 1120, on a *consolidated* basis, Petitioner deducted the Federal Environmental Tax on line 17. . . . In preparing its pro-forma *separate company* federal return for Pennsylvania Corporate Net Income Tax purposes, Petitioner did not deduct the Federal Environmental Tax on line 17. However, Petitioner deducted the Federal Environmental Tax in the amount of $336,133 on line 2(c) ("Other Deductions") of the Pennsylvania Corporate Net Income Tax report in computing its Pennsylvania taxable income.[2]

Stipulation of Facts, October 30, 1995, (S.F.) Nos. 1–6 and 10.

Heinz filed a timely petition for resettlement with the Department's Board of Appeals. On April 10, 1991, the Board of Appeals resettled Heinz's corporate net income tax liability in the amount of $72,292. The Board of Appeals allowed Heinz to deduct the federal environmental tax on line 2(c), but then added the $336,133 deduction back to Heinz's taxable income. Heinz petitioned for review. After notice and argument the Board of Finance and Revenue denied Heinz's petition for review, concluding:

Petitioner's request for relief is denied because the federal environmental tax is similar to Pennsylvania corporate net income tax in that both start from federal line 28.

Federal environmental tax is based on AMTI [alternative minimum taxable income], which begins with line 28 of Federal Form 1120 and ends with net or taxable income. Therefore, the federal environmental tax is within the scope of taxes added back under 72 P.S. § 7401(3)1.(o).

If other net income taxes imposed by the Federal government are added-back to line 28 income for Pennsylvania purposes, there is no reason not to add this net income based tax back.

Opinion of the Board of Finance and Revenue, October 29, 1991, at 2. It is this determination that Heinz appeals.

■ The sole issue for our review is "whether the Federal Environmental Tax computed pursuant to and imposed by Section 59A of the Internal Revenue Code constitutes a ' . . . [sic] tax imposed on or measured by net income', as provided by Section 401(3)1.(o) of the Pennsylvania Tax Reform Code of 1971, [Act of March 4, 1971,] P.L. 6, *as amended*, 72 P.S. § 7401(3)1.(o)." S.F. No. 14. Heinz asserts that the federal environmental tax is not a tax measured by net income and therefore is not added back when calculating corporate net income tax liability.[3]

■ This Court is entitled to the broadest scope of review in considering an appeal from an order of the Board of Finance and Revenue. *Eastern Diversified Metals Corp. v. Commonwealth*, 6 Pa.Cmwlth. 605, 297 A.2d 167 (1972). Although this Court hears such appeals in its appellate jurisdiction, we function essentially as a trial court and may rule on the established record or on a stipulation of facts entered into by the parties. *Norris v. Commonwealth*, 155 Pa.Cmwlth. 423, 625 A.2d 179 (1993).

Section 401(3)1.(a) of the Pennsylvania Tax Reform Code of 1971 (Tax Code), 72 P.S. § 7401(3)1.(a) provides that taxable income for the purposes of the Pennsylvania corporate net income tax is "taxable income for the calendar or fiscal year as returned to and ascertained by the federal government. . . ." [4] Section 401(3)1.(o) of the Tax Code, 72 P.S. § 7401(3)1.(o) provides that "[i]n arriving at 'taxable income' for Federal Tax purposes for any taxable year beginning on or after Janu-

2. Heinz filed a consolidated return with the federal government and also prepared and filed a separate company return with Pennsylvania.

3. We note that the corporate net income tax is a direct tax on corporate net income imposed for the privilege of doing business in Pennsylvania. *C.C. Collings & Co., Inc. v. Commonwealth*, 88

Pa.Cmwlth. 184, 488 A.2d 1187 (1985), *affirmed*, 511 Pa. 376, 514 A.2d 1373 (1986).

4. A number of adjustments are made to taxable income before the corporate net income tax is assessed.

ary 1, 1981, no deduction shall be allowed for taxes imposed or measured by net income." Initially, this Court must determine whether "taxable income" as the term appears in Section 401(3)1.(o) is the same as "net income". If so, we must then decide whether the federal environmental tax is imposed or measured by net income such that the tax is not deductible and must be added back to Heinz's taxable income.

■ Neither the Internal Revenue Code nor the Tax Code define the term net income. However, Section 61 of the Internal Revenue Code, 26 U.S.C § 61, defines gross income as "all income from whatever source derived ... " and Section 63 of the Internal Revenue Code, 26 U.S.C. § 63 defines taxable income as "gross income minus the deductions allowed by this chapter (other than the standard deduction)." [5] Our Pennsylvania Supreme Court defined net income as "gross income less all the deductions and carry-back losses ascertained and allowed by ... the Federal Government...." *Commonwealth v. Budd Co.*, 379 Pa. 159, 165, 108 A.2d 563, 566 (1954), *appeal denied*, 349 U.S. 935, 75 S.Ct. 782, 99 L.Ed. 1264 (1955). In resolving this controversy we must avoid becoming entangled in a hyper-technical analysis of what constitutes net income. Simply stated, taxable income is gross income less the allowable deductions and is essentially the same as net income.

■ Heinz accurately notes, however, that the federal environmental tax is measured by the "modified alternative minimum taxable income" as set forth under Section 59A of the Internal Revenue Code, 26 U.S.C. § 59A. Heinz asserts that the modified alternative minimum taxable income (which is alternative minimum taxable income with adjustments provided in Sections 56 through 58 of the Internal Revenue Code, 26 U.S.C. §§ 56–58) is not net income and therefore, the federal environmental tax is not imposed or measured by net income. We disagree.

Section 59A authorizes the federal environmental tax as follows:

**(a) Imposition of tax.**—In case of a corporation, there is hereby imposed (in addition to any other tax imposed by this subtitle) a tax equal to 0.12 percent of the excess of—

(1) The modified alternative minimum taxable income of such corporation for the taxable year, over

(2) $2,000,000.

**(b) Modified alternative minimum taxable income.**—For purposes of this section, the term "modified alternative minimum taxable income" means alternative minimum taxable income (as defined in Section 55(b)(2)) but determined without regard to—

(1) the alternative tax net operating loss deduction (as defined in Section 56(d)), and

(2) the deduction allowed under section 164(a)(5).

The alternative minimum taxable income is defined in Section 55(b)(2) of the Internal Revenue Code, 26 U.S.C. § 55(b)(2), as follows:

**(2) Alternative minimum taxable income.**—The term "alternative minimum taxable income" means the taxable income of the taxpayer for the taxable year—

(A) determined with the adjustments provided in section 56 and section 58, and

(B) increased by the amount of the items of tax preference described in section 57.

Pursuant to Section 59A the federal environmental tax is assessed at a rate of zero percent on the taxpayer's alternative minimum taxable income below $2,000,000 and at a rate of 0.12 percent on the taxpayer's alternative minimum taxable income above $2,000,000. Pursuant to Section 57 a portion of the deductions or exclusions otherwise available in calculating taxable income are directly added back to taxable income. Similarly, Sections 56 and 58 modify certain deductions otherwise available in calculating taxable income.

---

5. Section 63 also sets forth the various deductions, exclusions, and losses that may be sub-

tracted deriving taxable income.

This Court is persuaded by the ruling of the Virginia Department of Taxation, P.D. 91–87, May 29, 1991.[6] In that decision, the Virginia Department of Taxation carefully analyzed the environmental tax and determined as follows:

> The federal environmental tax, imposed by § 59A of the Internal Revenue Code (IRC), is based on the amount that federal modified alternative minimum taxable income exceeds $2 million. Modified alternative taxable income is defined as alternative taxable income with modifications. The computation of alternative minimum taxable income (AMTI) begins with federal taxable income, to which various adjustments and modifications for tax preference items are made. IRC § 55(b)(2). Because the base for computing AMTI is regular taxable income the basis of the environmental tax (modified AMTI) is computed with reference to taxable (net) income.... The fact that there are various adjustments and additions to taxable income for tax preference items does not alter the fact that the environmental tax is a tax computed with reference to net (taxable) income. Therefore, the amount of the environmental tax deducted in determining federal taxable income must be added back....

---

**6.** The Commonwealth has attached the Virginia Department of Taxation's decision to its brief as Appendix A.

**7.** We note that Heinz presents the alternative argument that Section 401(3)1.(o), pertains only to state and local net income taxes. As noted above, Section 401(3)1.(o) requires that net income taxes are not deductible from taxable income in computing the Pennsylvania corporate net income tax. In fact, Section 401(3)1.(o) explicitly dictates that taxes imposed on or measured by net income cannot be deducted when computing the Pennsylvania corporate net income tax. This provision does not exclusively refer to state, local or federal taxes, but requires that all net income taxes are not deductible from Pennsylvania corporate net income tax. Since we have already determined that the federal environmental tax is imposed on or measured by net income it must be included in Heinz's taxable income. We also note that Heinz attached the Corporation Tax Bulletin No. 97 of March 1985 (Bulletin) to its brief for our review. The Bulletin is a list of certain state and local taxes which must be included in a corporation's taxable income in calculating the corporate net income tax. This list does not include the federal environmental tax. Heinz argues that, according to

---

1991 Va. Tax LEXIS 104, at *4, 1996 WL 307443, at *2 (Virginia Department of Taxation, May 29, 1991).

Although the alternative minimum taxable income is calculated differently, it is merely a substitute for taxable income. Crucially, a taxpayer's alternative minimum taxable income cannot be measured without first ascertaining taxable income. In this respect, the federal environmental tax does not differ from other taxes derived from taxable income. The environmental tax is not imposed on gross income, instead it is imposed or measured by net income.

■ The federal environmental tax is precisely the type of tax that the Pennsylvania General Assembly had in mind when it enacted Section 401(3)1.(o) of the Tax Code which requires that taxes imposed on or measured by net income cannot be deducted when computing the Pennsylvania corporate net income tax. We conclude that the Board did not err by adding the amount of the federal environmental tax to Heinz's federal taxable income in order to ascertain its Pennsylvania corporate net income tax liability.[7]

Accordingly, we sustain the Commonwealth's position.[8]

---

the Bulletin, the federal environmental tax cannot be added to taxable income. The Bulletin is not an exhaustive list of all taxes which must be included in taxable income. Furthermore, the Bulletin was published one year and seven months prior to the enactment of the federal environmental tax on October 17, 1986. The Bulletin does not address the deductibility of the federal environmental tax. We also note that Heinz attached evidence of the legislative intent regarding the relevant provisions of the Tax Code. We will not consider this evidence because the legislative reports or comments of particular legislators are not admissible where the statute in question is not ambiguous. *Hellertown Manufacturing Co. v. Commonwealth*, 25 Pa.Cmwlth. 90, 358 A.2d 424 (1976), *overruled on other grounds by Paris Manufacturing Co., Inc. v. Commonwealth*, 505 Pa. 15, 476 A.2d 890 (1984).

**8.** Heinz and the Department have stipulated that if this Court "sustains the position of the Commonwealth ... it is agreed that the tax as computed in the resettlement in the amount of $72,293.00 as shown on Exhibit "D" is correct." S.F. No. 17.

## ORDER

AND NOW, this 28th day of June, 1996, we sustain the position of the Commonwealth in the above-captioned matter and judgment in the amount of $72,293.00 shall be entered against H.J. Heinz Company unless exceptions are filed within thirty days, pursuant to Pa.R.A.P. 1571(i).